798 F.2d 1408
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Velva N. CARR, Widow of Cornelius Carr, Petitioner,
v.
CENTRAL APPALACHIAN COAL COMPANY; Director, Office of
Workers' Compensation Programs and the Benefits
Review Board, United States Department
of Labor, Respondents.
 No. 85-2279.
 United States Court of Appeals, Fourth Circuit.
 Argued June 3, 1986.
Decided Aug. 27, 1986.
 
 H. John Taylor, for petitioner.
 Timothy M. Miller (Robinson & McElwee, on brief), for respondent.
 Ben. Rev. Bd.
 AFFIRMED.
 Before ERVIN, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Claimant, Velva N. Carr, petitions this court to review a decision of the Benefits Review Board (BRB or Board) denying her application for benefits under the Black Lung Benefits Act, 30 U.S.C. S 901 et seq. (1982), for her husband's disability resulting from coal mine work. The BRB affirmed the decision of an administrative law judge who found that although claimant had invoked the interim presumption of disability due to pneumoconiosis, the presumption was rebutted by evidence that her husband, Cornelius Carr, was employed in gainful work, comparable to his usual mine work at the time he filed his claim. 20 C.F.R. S 727.203(b)(1) (1985). Carr contends that her husband's "light janitorial work" for a steel company is in no way comparable to his usual work in the coal mines. Respondents, Central Appalachian Coal Company and the Department of Labor, argue that this court should not even consider claimant's arguments since claimant never appealed the S 727.203(b)(1) issue to the BRB for its review. Agreeing with respondents, we affirm.
 
 
 2
 * Cornelius Carr worked in coal mines for various mining companies for more than fifteen years. He worked for respondent, Central Appalachian Coal Company, from 1969 to 1974. While a miner, Carr worked "as a coal loader, in rock dusting, running shuttle buggies, in the building of [brattices], as well as supplying and setting timbers and helping on the miner." His last job in the mines was as a "surface utility man," whose duty it was to take care of the lamp and bath houses and to sweep out the superintendent's office. Carr held this position for approximately the last six months of his coal mine employment.
 
 
 3
 Carr left coal mine employment in 1974. In January 1976, Carr began work for Swain Steel Company as a janitor. His work involved emptying trash cans, sweeping, mopping, and "stuff." Carr continued to work this job, apparently until his death in July 1982.
 
 
 4
 After Carr began having breathing difficulties and other medical problems in 1978, he filed three applications for black lung benefits. Two different physicians, Doctors Gaziano and Daniel, found that Carr's blood gas test results met the qualifying standard of 20 C.F.R. S 727.203(a)(3). A physician hired by the employer, Dr. zaldivar, obtained non-qualifying blood gas study results and also commented that although Carr had "mild pulmonary impairment," that impairment "should not be sufficient to prevent Mr. Carr's usual employment as a janitor."
 
 
 5
 The Department of Labor originally granted the benefits to Carr. Central Appalachian Coal Company appealed, and on February 4, 1981, a hearing was held before an administrative law judge. The ALJ issued a decision on May 26, 1981, in which she found that claimant had successfully invoked the interim presumption of S 727.203(a)(3) on the basis of the blood gas studies. However, the ALJ found that the presumption was rebutted because Central Appalachian Coal Company had successfully shown that Carr "is able to do his usual coal mine work or comparable work." 20 C.F.R. S 727.203(b)(2). This finding was based primarily on Dr. Zaldivar's comment quoted above. in addition, the ALJ apparently found that Carr's current job as a janitor was in fact not comparable with his coal mine employment because of the absence of coal dust. Thus, the rebuttal of 20 C.F.R. S 727.203(b)(1) was not a basis for the first decision.
 
 
 6
 After a motion for reconsideration, the ALJ issued a second decision, this time finding that the interim presumption was rebutted by both S 727.203(b)(1) and (b)(2). The ALJ found that Carr's last six months of mine employment constituted his "usual coal mine work" and concluded that Carr both was able to perform, and was in fact performing, work comparable to his usual coal mine employment as a janitor.
 
 
 7
 Claimant appealed to the Benefits Review Board and in her brief to the Board claimed that the ALJ committed error in finding that the interim presumption was rebutted under § 727.203(b) (2) . No mention was made of the S 727.203(b)(1) rebuttal. On November 22, 1985, the BRB affirmed the decision of the ALJ because Carr had not challenged the ALJ's finding of a (b)(1) rebuttal. Since the employer prevails if either a (b)(1) or a (b)(2) rebuttal is established, the BRB based its affirmance solely on the unchallenged finding of a (b)(1) rebuttal and never reached the merits of Carr's arguments with respect to (b)(2) rebuttal.
 
 II
 
 8
 It is well established that courts will consider on appeal only those issues raised in the proceeding before an administrative agency. This is so because "[s]imple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice." united States V. Tucker Truck Lines, Inc., 344 U.S. 33, 37 (1952); see also Senn Truckin Co. v. I.C.C., 560 F.2d 1179, 1182 (4th Cir. 1977); Taft v. Alabama B Products Corp. I 733 F.2d 1518, 1523 (Ilth Cir. 1984); Director, Office of workers Compensation Programs, United States Department of Labor v. North American Coal c, 626 F.2d 1137, 1143 (3rd Cir. 1980).
 
 
 9
 In this case, the appropriate time for claimant to have raised her objections to the ALJ's ruling on the issue of S 727.203(b)(1) rebuttal was in her petition for review and supporting brief submitted to the Board. 20 C.F.R. 5 802.210 (1985). She did not raise the issue at that time. Moreover, claimant should have been on notice that the Board was considering the waiver issue. In response tothe claimant's petition for review and brief, Central Appalachian Coal Company submitted an opposition brief which contained the argument that claimant had failed to raise the (b)(1) rebuttal issue before the that the coal company should thus be entitled to an order affirming the denial of benefits. Claimant did not file a reply reply as she was entitled to do under 20 C.F.R. 802.212, nor did she in any manner contest or respond to the coal company's waiver arguments. Finally, it should be noted that subsequent to the Board's decision to affirm the denial of benefits, claimant made no attempt to challenge the holding or to request that the Board consider her (b)(1) rebuttal arguments by filing a motion for reconsideration under 20 C.F.R. 802.407(a).
 
 
 10
 This is not a case of exceptional circumstances that would require this court to abandon the principle that a party must always raise and have considered below the issues on which it seeks judicial review. See Taft, supra; North American Coal Corp., supra. Opportunities clearly existed in this case for the claimant to challenge before the Board the ALJ's finding of a 5 727.203(b) (1) rebuttal. since she did not contest this finding, the Board was correct in concluding that the coal company had successfully rebutted the interim presumption of pneumoconiosis.
 
 
 11
 AFFIRMED.